UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAMARAJU ROM ERRAMRAJU, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:23-cv-1272-LSC-GMB |
| DAVID LAMAR, *et al.*, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

The Magistrate Judge entered a report (Doc. 21) on March 15, 2024 recommending that Ramaraju Rom Erramraju's petition for writ of habeas corpus be dismissed with prejudice. Since the report and recommendation, Erramraju has filed multiple documents. Some of these documents were filed in this court and some were filed in the Eleventh Circuit Court of Appeals. The documents are as follows:

- A request for "permission to file application for rehearing on Magistrate Judge's denial" and a request for "counsel to file application for rehearing," which the Clerk of Court docketed as a motion to appoint counsel (Doc. 22);

- A request in the Eleventh Circuit for "a certificate of appealability to file writ of certiorari on Magistrate Judge's denial" and a request for "counsel to file writ of certiorari" (Doc. 23 at 2);

- Two motions "for counsel and Telegu interpreter," two requests for "COA to file writ of certiorari" (Doc. 23 at 5, 10), and an application to proceed *in forma pauperis* in the district court, but all filed with the Eleventh Circuit (Doc. 23 at 6–9); and

- A motion for judgment of acquittal in this court (Doc. 24).

The Eleventh Circuit transmitted the documents filed there to this court (Doc. 23 at 1), and there is no indication that the Eleventh Circuit construed these documents as an appeal.[1] Accordingly, the court construes these documents, together and in combination, as an objection to the Magistrate Judge's report and recommendation. *See Thomas III v. Middlebrooks*, 2006 WL 3020825, at *1 (N.D. Fla. Oct. 19, 2006) (acknowledging multiple filings on the same day and construing the notice of appeal and objection as an objection to the Magistrate Judge's report and recommendation and denying the motion for appointment of counsel).

Mr. Erramraju has filed four motions for appointment of counsel during the pendency of his petition. (*See* Docs. 3, 13, 19, 22). As the Magistrate Judge has explained each time, there is no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, the appointment of counsel in a civil matter is a privilege justified only by exceptional circumstances, such as

---

[1] A report and recommendation is not an order, and an appeal is therefore not the proper procedural mechanism for Mr. Erramraju to challenge the report and recommendation. *See Hard Rock Café Int'l, Inc. v. American Horse, LLC*, , 2012 WL 503899, at *1 n.1 (M.D. Fla. Feb. 15, 2012) ("Since the Report and Recommendation is not an Order from the Magistrate Judge, an 'Appeal' is not appropriate . . . ."); *Niebla v. Bush*, 2008 WL 3258548, at *1 (N.D. Fla. Aug. 6, 2008) (stating that a "report and recommendation is not an appealable order"); *Lewis v. McDonough*, 2007 WL 2729670, at *1 (N.D. Fla. Sept. 18, 2007) ("The Report and Recommendation is not a final order from which an appeal may be taken. The Report and Recommendation is just that, a recommendation, by the Magistrate Judge to the District Judge."); *Goyco v. Bureau of Prisons*, 2006 WL 2946057, at *1 (S.D. Ga. Oct. 13, 2006) (stating that a report and recommendation is not an appealable order).

novel or complex litigation.  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014).  The claims in this action are not novel or complex, and Mr. Erramraju has not shown how the litigation otherwise justifies appointed counsel.  Accordingly, the motion for appointment of counsel (Doc. 22) is **DENIED**.

    Mr. Erramraju's objections do not address any of the Magistrate Judge's findings and conclusion in the report and recommendation.  Instead, Mr. Erramraju requests counsel and an interpreter who speaks Telugu.  In the report and recommendation, the Magistrate Judge concluded that Mr. Erramraju's petition was untimely and rejected his argument that being born in India and not knowing the law in the United States constituted extraordinary circumstances justifying the late filing of his habeas petition.  (Doc. 21 at 12).  The court agrees with the Magistrate Judge that language difficulties do not amount to extraordinary circumstances.  *See United States v. Montano*, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005) (holding that petitioner's claim that "language difficulties prohibited him from timely discovering [a legal] challenge on his own" did not constitute "'extraordinary circumstances' as to justify equitable tolling of the one-year filing requirement in § 2255"); *see also Wakefield v. Rr. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (holding ignorance of the law "is not a factor that can warrant equitable tolling"); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding pro se status and ignorance of law do not

justify equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (holding ignorance of law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding unfamiliarity with legal process during applicable filing period did not merit equitable tolling).  Accordingly, to the extent that Mr. Erramraju's request for a Telegu interpreter constitutes an objection to the report and recommendation, his objection is **OVERRULED**.

In his motion for acquittal (Doc. 24), Mr. Erramraju argues that his state case should be reversed because he was tried an all-white jury in violation of the Fifth and Fourteenth Amendments, he was provided with an interpreter who spoke Hindi instead of his primary language of Telugu, and there was insufficient evidence to support his conviction. (Doc. 24).  These arguments go to the merits of his case and do not address the timeliness of his petition.  Accordingly, Mr. Erramraju's motion for acquittal (Doc. 24) is **DENIED**.

Finally, Mr. Erramraju requests a certificate of appealability.  (Doc. 23 at 2, 5, 10).  This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the

4

issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Mr. Erramraju's claims do not satisfy either standard.

After careful consideration of the record in this case, the Magistrate Judge's report, and the petitioner's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that petition for writ of habeas corpus (Doc. 1) is due to be **DISMISSED** with prejudice. The petitioner's motion for appointment of counsel (Doc. 22) and motion for judgment of acquittal (Doc. 24) are **DENIED**.

A final judgment will be entered.

**DONE** AND **ORDERED** ON APRIL 24, 2024.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704